**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | **Criminal Action No. 2021-0007** |
| ) | |
| **JOHN CUNNINGHAM,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
    *For the United States*

**Serguel Mawuko Akiti, Esq.**
**Murdoch Walker, II, Esq.**
Atlanta, GA
**Namosha Boykin, Esq.**
St. Thomas, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on Defendant John Paul Cunningham's ("Defendant") "Unopposed Motion to Continue Sentencing Hearing and All Associated Deadlines" ("Initial Motion") (Dkt. No. 107) and his "Renewed Motion to Continue Sentencing Hearing" ("Renewed Motion") (Dkt. No. 109), filed on Sunday, November 16, 2025 and Monday, November 17, 2025, respectively. In each motion, Defendant asked the Court to continue the Sentencing Hearing scheduled for November 18, 2025 to January 12, 2026. (Dkt. Nos. 107 at 1, 109 at 1). The Court reluctantly granted the Renewed Motion and rescheduled the Sentencing Hearing as requested. (Dkt. No. 110). In its Order granting the Renewed Motion, the Court stated that its Memorandum Opinion would follow. In accordance therewith, the Court now expresses its concerns with the above-referenced filings submitted by Defendant's counsel, Serguel Mawuko

Akiti, Esq. ("Atty. Akiti"). Based on those concerns, Atty. Akiti will be required to respond to the instant Order by showing cause why sanctions should not be imposed against him.

On Sunday, November 16, 2025—two days before the Sentencing Hearing in this matter—Atty. Akiti requested a continuance, citing his inability to obtain transportation to the U.S. Virgin Islands from California, where he had an arraignment scheduled for November 17, 2025. (Dkt. No. 107). The Court denied that motion because it was completely devoid of any explanation as to why counsel accepted an appearance that required him to be in California the day before the earlier scheduled[1] Sentencing Hearing before this Court, and then waited until two days before the Sentencing Hearing—on a Sunday—to inform this Court of the scheduling conflict and his inability to obtain transportation. (Dkt. No. 108).

Faced with the denial of his Initial Motion, Atty. Akiti then filed a Renewed Motion, in which he provided four new reasons why the Sentencing Hearing should be continued. First, Atty. Akiti identified two matters—in Ohio and California—that he asserted were scheduled prior to the instant Sentencing Hearing and that prevented his attendance at the Sentencing Hearing before this Court. (Dkt. No. 109 at 2). Second, Atty. Akiti relayed that "two of Mr. Akiti's colleagues suffered the loss of close family members" in the last week, and therefore his co-counsel in this matter, Mr. Murdoch Walker II, Esq. ("Atty. Walker"), was unable to represent Defendant in the instant matter or their firm's other clients in the concurrent matters that presented the aforementioned scheduling conflicts.[2] *Id.* at 3. Third, Atty. Akiti pointed to this Court's prior *sua sponte* rescheduling of the Sentencing Hearing from October 29, 2025 to November 18, 2025 as

---

[1] Atty. Akiti did not inform the Court that the conflict that he referenced in *United States v. Salazar*, No. 25-cr-0204 (E.D. Cal. Oct. 23, 2025), had been scheduled *after* the instant Sentencing Hearing. The Court discovered this fact by reviewing the docket in *Salazar*.

[2] In its initial Order, the Court had noted the appearance of co-counsel in this matter. (Dkt. No. 108 at 2, n.2).

2

having been done without consultation with the parties. *Id.* at 4. Finally, Atty. Akiti stated that Defendant's wife was unable to attend the rescheduled Sentencing Hearing due to "work, school, and childcare obligations" and represented that Defendant "would appreciate the opportunity for his wife to be present at his sentencing hearing." *Id.* at 5.

The new reasons asserted by Atty. Akiti do nothing to cure the gross untimeliness of his Initial and Renewed Motions. While Atty. Akiti now cites two matters that were scheduled before the instant Sentencing Hearing—one on July 14, 2025 and one on October 15, 2025—this serves only to exacerbate the extent of Atty. Akiti's untimeliness. This is because the existence of those earlier conflicting matters makes it apparent that Atty. Akiti should have known that he was unavailable for the instant Sentencing Hearing as of October 24, 2025 when the Hearing was rescheduled. Thus, while this Court was concerned in its previous Order with "why counsel would wait twenty (20) days . . . to apprise the Court of a potential conflict" (Dkt. No. 108 at 2), the Court is now concerned with why Atty. Akiti waited twenty-three (23) days—from October 24, 2025 to November 16, 2025—to inform the Court of existing conflicts presented by the rescheduled date.

Atty. Akiti additionally noted that two of his colleagues, including his co-counsel in this matter, Atty. Walker, suffered the loss of close family members "last week" (Dkt. No. 109 at 3), and therefore were unable to represent Defendant at his Sentencing Hearing. Atty. Akiti further represented that "[d]uring the midst of arrangements accommodating his colleagues' tragedies," he "overlooked the timely filing of a continuance request." (Dkt. No. 109 at 3). While the Court sympathizes with Atty. Akiti's colleagues for their losses, Atty. Akiti describes these tragedies as occurring "last week." *Id.* This does not, therefore, excuse the over two weeks preceding these unfortunate occurrences in which Atty. Akiti was aware of scheduling conflicts and did nothing to make this Court aware of the same.

3

Atty. Akiti then appeared to attempt to throw blame on the Court for his inability to make the rescheduled Sentencing Hearing. Atty. Akiti noted: "Mr. Cunningham was originally scheduled to be sentenced on October 29, 2025; a mere five days before the hearing, and without discussion with the parties with regards to a new date, this Court *sua sponte* continued the hearing to November 18, 2025." *Id.* at 4. Of course, this Court is not required to discuss with the parties in advance a rescheduling necessitated by the Court's calendar—especially, as here, where the matter was being rescheduled for a date several weeks later. What *is* expected, however, is that if the Court is being asked to continue a matter for which counsel was aware of a conflict over three weeks earlier, the request would *not* be made the Sunday before the Tuesday hearing

Atty. Akiti also noted that Defendant's wife was unable to attend the rescheduled Sentencing Hearing on November 18, 2025, and represented that Defendant "would appreciate the opportunity for his wife to be present at his sentencing hearing." *Id.* at 5. While this is certainly a legitimate request, the Court presumes that Atty. Akiti was aware that Defendant's wife had "work, school, and childcare obligations" (Dkt. No. 109 at 5) and was therefore unable to attend the Sentencing Hearing more than two days prior to the Sentencing Hearing—in other words, before the Sunday prior to the Tuesday hearing.

In view of the foregoing, Defendant's counsel, Serguel Mawuko Akiti, Esq., will be required to respond to the instant Order by showing cause why sanctions should not be imposed against him. *See In re Cendant Corp.*, 260 F.3d 183, 199 (3d Cir. 2001) (acknowledging the inherent authority of federal courts to impose sanctions against attorneys "where necessary to preserve the integrity of the judicial process[.]") (citing *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1994)).

4

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's counsel, Serguel Mawuko Akiti, Esq., shall have up to and including **December 10, 2025**, within which to file a submission with the Court to show cause as to why the Court should not exercise its inherent power to impose a monetary penalty on him as a sanction for his untimely "Unopposed Motion to Continue Sentencing Hearing and all Associated Deadlines" (Dkt. No. 107) and "Renewed Motion to Continue Sentencing Hearing" (Dkt. No. 109); and it is further

**ORDERED** that a hearing on the instant Order to Show Cause is **SCHEDULED** for **January 12, 2026** immediately after the Sentencing Hearing in this matter, in STX Courtroom 1 before Senior District Judge Wilma A. Lewis.

**SO ORDERED.**

Date:   November 26, 2025                     _____/s/_____
                                              WILMA A. LEWIS
                                              Senior District Judge